Kathleen A. McCallister
Chapter 13 Trustee
P.O. Box 1150
Meridian, ID  83680
(208) 922-5100 - Telephone
(208) 922-5599 - Facsimile
kam@kam13trustee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF IDAHO

| IN RE: | CHAPTER 13 |
|---|---|
| **STEPHEN A DEVEREAUX** <br> **KATHERINE C BLOMQUIST** | CASE NO.  24-40069-NGH |

## TRUSTEE'S OBJECTION TO CONFIRMATION

NOW COMES Kathleen A. McCallister, the standing Chapter 13 Trustee for the United States Bankruptcy Court for the District of Idaho and as for her Objection to Confirmation of Debtor(s) plan states as follows:

| | | |
|---|---|---|
| 1. | Debtor(s) filed for Chapter 13 relief on: | 02/18/2024 |
| 2. | The §341(a) Meeting of Creditors held on 04/10/2024 was: | ☒  Concluded <br> ☐  Taken off calendar <br> ☐  Continued to: |
| 3. | Discharge: | ☒  Debtor(s) are eligible for a discharge. <br> ☐  Debtor(s) are not eligible for a discharge in this case. <br> ☐  Other: |
| 4. | Plan Payments: | ☒  Debtor(s) are current on their plan payments. <br> ☐  Debtor(s) are delinquent in their plan payments in the amount of: <br> ☐  Debtor(s) are currently making plan payments pursuant to a wage deduction order. |
| 5. | Trustee objects to confirmation of the Chapter 13 Plan filed 2/18/24 for the following reasons: | ☐  Chapter 13 Plan unfairly discriminates against a class of general unsecured claims [11 USC § 1322(b)(1)]. <br><br> ☐  Debtor(s) plan fails to provide for the following secured debt(s): |

| | | |
|---|---|---|
| | | ☐ The proposed Chapter 13 Plan is not feasible as the debtor(s) lacks sufficient regular income [11 USC § 109(e)].<br><br>☐ The proposed Chapter 13 Plan is underfunded in the amount of:<br><br>☐ Notice is insufficient pursuant to Bankruptcy Rule 7004 for the following creditor(s):<br><br>☒ Plan fails to provide for full payment of the following claims entitled to priority as required by 11 U.S.C. § 507(a): Claim of IRS for $2,302.79.<br><br>☐ The proposed Chapter 13 Plan fails to meet liquidation value [11 USC 1325 (a)(4)] due to:<br><br>☒ Other: Paragraph 4.3 fails to list how Counsel will be paid.  Debtors can file an amended plan or the balance due on attorney's fees can be paid over the term of the plan and resolved in the order of confirmation. |
| 6. | The following creditor(s) objections will need to be resolved prior to confirmation: | Objection to Confirmation filed by: |
| 7a. | Income and Expenses<br><br>The proposed Chapter 13 plan fails to provide that all of debtor(s)' projected disposable income to be received during the applicable commitment period will be applied to make payments to unsecured creditors under the plan, [11 USC §1325 (b)(1)(B)] | ☐ Unreasonable expenses:<br><br>☐ Tax Refunds should be paid into plan in addition to plan payments.<br><br>☐ Debtor(s) are contributing to voluntary retirement accounts.<br><br>☐ Debtor(s) are paying secured claims directly, plan payments will need to increase once the following secured claims have been paid in full:<br><br>☒ Mrs. Devereaux does not receive any child support for her 10 year old daughter. Debtor(s) will need to file an amended Schedule I if there is a change and Ms. Bloomquist receives support, a contribution for the child's spot, or any other funds for her daughter. |
| 7b. | Form 122C: | ☒ Above Median Debtor(s):<br>    ☐ Plan proposed is not 60 months.<br>    ☐ Plan payment is insufficient – debtor(s) are not meeting the disposable income requirement of Form 122C. |

|  |  |  |
|---|---|---|
|  |  | ☐ Following expenses are inconsistent between schedules I/J and Form 122C:<br><br>☐ Following lines are incorrect on Form 122C: |
| 8. | Trustee is missing the following documentation, or the documentation provided is incomplete: | ☐ Proof of expenses required:<br><br>☐ Proof that the Debtor(s) filed the last 4 years of tax returns pursuant to 11 USC § 1307(e). Trustee is missing tax returns for:<br><br>☐ Paycheck stubs or proof of current income– Trustee is missing:<br><br>☒ Divorce decree(s) and/or child support order(s). Husband's divorce decree from Kellie Devereaux<br>☐ Bank statements from the date of filing and the 90 days prior to filing. Trustee is missing the following statements:<br><br>☐ Proof of when any current retirement loans will be repaid.<br><br>☐ Installment contracts for all secured claims to be paid through paragraphs 3.1 or 3.3 of the plan.<br><br>☒ Other: Mr. Devereaux sold real estate in Hinckley Illinois around October 21 and shared the proceeds with his prior spouse and he sold real estate in Oglesby, Illinois in 2022 and used the proceeds to pay off a loan, purchase a vehicle for Katherine, and for a downpayment on his Idaho real estate.  Trustee has requested copies of the closing statements to verify the amount of funds received and if there were any voidable transfers.  At the time of both real estate transactions, Mr. Devereaux owed a debt to William Horoszko in excess of $180,000 stemming from a loan of $115,000 that was made From Mr. Horoszko to Stephen Devereaux which was supposed to be paid upon the sale of the Hinckley property.  It does not appear that Mr. Horoszko received any funds from either transaction. |
| 9. | If the Debtor(s) are self-employed: | ☐ Trustee will request that the Debtor(s) provide periodic business reports as a confirmation requirement over the term of the plan. |
| 10. | Income appears to be overstated or understated per the Trustee's calculations: | Income is different for<br>☐ Debtor:<br><br>☐ Co-debtor: |

| 11. | The following Schedules and/or Forms will need to be amended: | ☐ Schedules A/B:<br>☐ Schedule C:<br>☐ Schedule D:<br>☐ Schedules E/F:<br>☐ Schedule G:<br>☐ Schedule H:<br>☐ Schedules I/J:<br>☐ Statement of Financial Affairs: |
|---|---|---|
| 12. | Attorney's fees and Filing Fees: | ☐ Plan indicates a Model Retention Agreement case but no such agreement has been filed with the court.<br><br>☒ Counsel for the debtor(s) will need to file a detailed fee application with the court for attorney's fees requested up to $6,687.<br>☒ Form B2030 is inconsistent with the plan and/or schedules. The 2030B inadvertently indicates Counsel received $678 prior to filing instead of $687 prior to filing and should be amended or addressed in the order of confirmation. |

WHEREFORE, the trustee objects to confirmation of the Chapter 13 Plan for the foregoing reasons.

DATED: April 28, 2024

      /s/ *Kathleen McCallister*
Kathleen McCallister, Trustee

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 28, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Office of the U.S. Trustee
ustp.region18.bs.ecf@usdoj.gov

ALEXANDRA O CAVAL
**Attorney at Law**
alex@cavallawoffice.com


AND I FURTHER CERTIFY that on such date I served the foregoing on the following non CM/ECF Registered Participants in the manner indicated:

    Via first class mail, postage prepaid addressed as follows:

**STEPHEN A DEVEREAUX**
**KATHERINE C BLOMQUIST**
**509 N LYNDON ST**
**JEROME, ID 83338**


                                                                          /s/ *Kathleen McCallister*
                                                        Kathleen McCallister, Trustee